UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------ x
LISA LEE WHITNUM BAKER,                                            :
                                                                   :
                                      Plaintiff,                   :
                                                                   :
                  v.                                               :   3:24-CV-1037 (SFR)
                                                                   :
JOSE URBAN, RASHID WILLIAMS, UNITED                                :
STATES POST OFFICE, and THE UNITED                                 :
STATES OF AMERICA,                                                 :
                                                                   :
                                      Defendants.                  x
------------------------------------------------------------------

**MEMORANDUM AND ORDERS ON PENDING MOTIONS**

Plaintiff Lisa Lee Whitnum Baker,[1] proceeding *pro se*, filed a civil action seeking damages under the Federal Tort Claims Act, federal civil rights law, and Connecticut law after she says she was denied adequate postal services by two employees of the United States Postal Service in Greenwich, Connecticut. Baker sued Jose Urban and Rashid Williams, who are both employed by the Postal Service; she also sued the "United States Post Office," which I construe to refer to the United States Postal Service. Upon timely motion, the United States was substituted in place of Urban and Williams for Baker's claims arising under the Federal Tort Claims Act. Urban, Williams, and the Post Office (collectively "the Government") moved to dismiss Baker's complaint.

---

[1] Baker has previously litigated in this District under the name L. Lee Whitnum. *See, e.g.*, *Whitnum v. Greenwich*, No. 3:11-cv-1402 (SRU); *Whitnum v. Office of the Chief State's Attorney*, No. 3:18-cv-1991 (JCH). After signing the Complaint using the name Lisa Baker, Baker signed several pleadings using the name "L. Lee Whitnum Baker." *See, e.g.*, ECF Nos. 55, 63. After the Clerk of Court updated the caption in this case to reflect this change, Baker filed a motion to correct the caption. ECF No. 68. As Baker represents that she wishes the caption of the case to list her name as Lisa Lee Whitnum Baker, I respectfully direct the Clerk to update the caption of the case in accordance with the caption listed above.

1

This Memorandum resolves the Government's motion to dismiss, ECF No. 35, Baker's motion to amend the complaint, ECF No. 65, Baker's motion for reconsideration, ECF No. 63, and Baker's motion for my recusal, ECF No. 62. For the reasons stated below, I grant the Government's motion to dismiss all counts of the Complaint, but will permit Baker a final opportunity to amend her civil rights conspiracy claim.

I.      BACKGROUND

   A.      Factual Background

The Complaint alleges as follows: On June 16, 2022, Baker visited the United States Post Office in Greenwich, Connecticut, with the goal of purchasing money orders. Compl. ¶ 2, ECF No. 1. Jose Urban and Rashid Williams were working behind the counter when Baker visited. *Id.* ¶¶ 3-4. Baker planned to purchase $3,500 in money orders; this would require four separate transactions because the highest denomination money order is $1,000. *Id.* ¶ 2. Baker successfully paid for the first money order for $1,000 using her debit card. *Id.* ¶¶ 4-5. But Williams told Baker that her card was rejected when she attempted to use it to pay for the second money order. *Id.* ¶ 4.

Baker then began to argue with Williams and Urban. After Williams suggested that Baker's card was rejected because she had insufficient funds for the transaction or had entered the incorrect PIN for her debit card, Baker "demanded that they try again." *Id.* ¶ 5. Baker also accused Williams and Urban of lying about her financial status and accused Williams and Urban of intentionally denying her service. *Id.* ¶ 5. Urban responded by threatening to call the police to ask that they remove Baker again from the premises. *Id.* ¶ 6. Baker responded that she had never before been removed from the Post Office. *Id.* ¶ 7. Although Urban did not call the police, he said "Everyone in the town knows all about you." *Id.* ¶ 8.

Baker says that she left feeling "very upset." *Id.* ¶ 9. Later that afternoon, she returned to the Greenwich Post Office and again attempted to purchase two $1,000 money orders. *Id.* ¶¶ 10-11. Urban told her that her card had been declined; Williams speculated that Baker's bank had blocked her card "because of the amount you are requesting." *Id.* ¶ 11. Baker says that in the second visit neither Williams nor Urban suggested she had insufficient funds or had forgotten her PIN. *Id.* ¶ 14. After Baker tried again to input her PIN, Urban told her that her bank had declined her card and urged her to contact her bank. *Id.* ¶ 14. Baker says that she was informed the following day by her bank that there were no issues with her card. *Id.* ¶ 18.

### B.    Procedural History

Baker, proceeding *pro se*, filed suit on June 11, 2024.[2] The Complaint named Jose Urban, Rashid Williams, and the United States Post Office as defendants. *Id.* at 1.

Four of Baker's claims sound in tort: negligent failure to provide postal services, *id.* ¶ 23; slander, *id.* ¶ 24; harassment, *id.* ¶ 25; and intentional infliction of emotional distress, *id.* ¶ 26. For the reasons stated below, I construe these claims to be asserted against the United States pursuant to the Federal Tort Claims Act. Baker attached to her Complaint a Federal Tort Claims Act SF-95 claim for damages. *Id.* at 11-12. The form claims damages exceeding $200,000, contains what appears to be Baker's signature, and is dated June 11, 2024. Several other claims for damages sound in constitutional tort; these include infringement of the "constitutional right" to "access the services [of] the post office", *id.* ¶ 27-28; First Amendment violations, *id.* ¶ 30; refusing or neglecting to prevent a deprivation of constitutional rights, *id.*

---

[2] The Honorable Sarala V. Nagala, United States District Judge, presided over the action until it was transferred to me on January 6, 2025. ECF No. 50.

¶ 32; criminal conspiracy, *id.* ¶ 33; and fraud in violation of the Constitution, *id.* ¶ 34. As the United States, the Postal Service, and federal employees sued in their official capacities are immune from suit for damages for these claims, I construe the claims to be brought against Williams and Urban in their individual capacities. Baker also claims damages on the grounds that Williams and Urban conspired to violate her civil rights. *Id.* ¶ 31. For these same reasons, I construe this claim to be against Williams and Urban in their individual capacities. I do not understand Baker to seek injunctive relief.

The Government moved to substitute defendants on November 25, 2024. ECF No. 33. The Government noted that the FTCA claims should be deemed to be brought against the United States pursuant to 28 U.S.C. § 2679(d)(1) because Williams and Urban were acting within the scope of their employment at all relevant times mentioned in the Complaint. ECF No. 33, at 2. The Court granted this motion on November 26, 2024. ECF No. 36.[3]

The Government moved to dismiss Baker's Complaint on November 25, 2024. Defs.' Mem. of L. in Supp. of Mot. to Dismiss ("Defs.' Mem."), ECF No. 35-1. Baker responded to the Government's Motion to Dismiss on December 14, 2024. Pl.'s Obj. to Mot. to Dismiss ("Pl.'s Obj."), ECF No. 39. Baker's response focused narrowly on whether Urban had been properly served in his individual capacity. *See* Pl's Obj. 1-4. The Government then withdrew its assertion that Urban was not subject to personal jurisdiction because of any failure to serve. Defs.' Reply Mem. of L. in Resp. to Pl.'s Opp. to Mot. to Dismiss, ECF No. 43. The Court

---

[3] Although the Court's order directed the Clerk to terminate Williams and Urban from the action, ECF No. 36, I understand the Court to have terminated Williams and Urban only with respect to the FTCA claims. For that reason I consider whether Baker's constitutional tort claims as to Williams and Urban in their individual capacities survive the Government's motion to dismiss.

ordered Baker to respond on or before February 14, 2025 to all remaining grounds for dismissal raised in the Government's Motion to Dismiss. ECF No. 46.

Baker filed several papers on February 14, 2025. Baker responded to the Government's Motion to Dismiss. Sec. Obj. to Mot. to Dismiss ("Pl.'s Sec. Obj."), ECF No. 58. Baker also moved to amend the Complaint. Mot. for Leave to File an Am. Compl. & Mem. of L. in Supp., ECF No. 55. And she petitioned for a Writ of Mandamus to reassign Urban to another post office. Pet. for Writ of Mandamus ("Mandamus Pet."), ECF No. 53. I denied Baker's Mandamus Petition on February 18, 2025, ECF No. 59, and denied without prejudice Baker's motion to amend because Baker had not complied with the Local Rules governing amendments. ECF No. 61. I also issued an order staying discovery until I resolved the Motion to Dismiss. ECF No. 61.

Baker filed a Motion for Disqualification on February 27, 2025. Mot. for Disqual., ECF No. 62. She also moved for reconsideration of my order denying her Mandamus Petition that same day. Mot. for Recons., ECF No. 63. On March 5, 2025, Baker filed a procedurally compliant Motion to Amend the Complaint. Mot. to Am. Compl. ("Pl.'s Sec. Mot. to Am."), ECF No. 65. The Government filed an opposition to Baker's proposed amended complaint on March 25, 2025. Defs.' Mem. of L. in Opp. to Mot. to Am. the Compl. ("Defs.' Mem. re Am."), ECF No. 70. Baker replied in support of her motion to amend on May 20, 2025. Reply to Obj. & Further Mot. to Am. Compl. ("Pl.'s Reply re: Am. Compl."), ECF No. 71.

## II.  MOTION FOR DISQUALIFICATION

I begin by addressing Baker's Motion for Disqualification. Two federal statutes describe the circumstances in which a federal judge should recuse herself: 28 U.S.C. § 144 requires a judge to recuse upon "timely and sufficient affidavit [stating] that the judge before

whom the matter is pending has a personal bias or prejudice against [the litigant] or in favor of any adverse party." Furthermore, pursuant to 28 U.S.C. § 455(a), a district judge must "disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned." A judge must recuse when "a reasonable person, knowing all the facts, would conclude that the trial judge's impartiality could reasonably be questioned." *United States v. Wedd*, 993 F.3d 104, 114 (2d Cir. 2021) (citation and internal quotation marks omitted). Furthermore, the Supreme Court has counseled that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 554 (1994). A judicial ruling may properly form cause for recusal only where it "display[s] a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* at 555. "Litigants are entitled to an unbiased judge; not to a judge of their choosing." *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988).

I do not construe Baker to seek recusal pursuant to 28 U.S.C. § 144 because she has not filed a "timely and sufficient affidavit" asserting that recusal is required. Instead, I understand Baker to seek my recusal pursuant to the broader grounds for recusal stated in § 455. In particular, Baker urges me to recuse because of the manner in which I denied her Petition for a Writ of Mandamus. Mot. for Disqual. 1. She asserts that my choice of words evinces my disrespect for Baker and favoritism for defendants. *Id.* at 2. My order denying Baker's Petition noted:

> Plaintiff seeks the reassignment of one Postal Service employee and an instruction that other Postal Service employees treat Plaintiff with the same courtesy as other customers. ECF No. 53 at 3.
>
> Mandamus relief is an extraordinary remedy only available when a petitioner seeks to "compel the performance of a nondiscretionary duty." *Duamutef v. INS*, 386 F.3d 172, 180 (2d Cir. 2004) (emphasis omitted) (citing *Heckler v.*

6

>  *Ringer*, 466 U.S. 602, 616 (1984)). Plaintiff has not shown that to be the case here. The Postal Service retains immense discretion in how it assigns personnel and instructs its employees on customer relations. The petition for Writ of Mandamus is DENIED.

ECF No. 59.

This brief text order did not display any "deep-seated favoritism or antagonism." *Liteky*, 510 U.S. at 555. Although Baker asserts that my text orders betrays undue skepticism towards the merits of her claim, my order in fact says nothing about the underlying merits of this case. Nor can I say that a neutral observer would conclude from the manner in which I resolved Baker's Petition that my impartiality can reasonably be questioned. Baker seems principally concerned with the way I summarized her arguments and the fact I took judicial notice that the Postal Service enjoys discretion in choosing where to place employees; but that is cause for appeal, not for recusal. I therefore decline to recuse from this case.

### III. MOTION FOR RECONSIDERATION

Baker also moves for reconsideration of my decision denying her Petition for a Writ of Mandamus. Motions for reconsideration "shall be filed and served within seven (7) days of the filing of the decision or order from which such relief is sought, and shall be accompanied by a memorandum setting forth concisely the controlling decisions or data the movant believes the Court overlooked." D. Conn. L. Civ. R. 7(c)(1). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Commerzbank AG v. U.S. Bank, N.A.*, 100 F.4th 362, 377 (2d Cir. 2024) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). This standard is "strict," however, and reconsideration should be granted only if "the moving party can point to controlling decisions or data that the court

7

overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). If "the moving party seeks solely to relitigate an issue already decided," a court should deny the motion for reconsideration and adhere to its prior decision. *Id*.

Baker's motion was filed on February 27, 2025, more than seven days after I denied Baker's Petition on February 18, 2025. Mot. for Recons. 1. Nonetheless, consistent with my duty to apply procedural rules with leniency when reviewing *pro se* submissions, *see Rosa v. Doe*, 86 F.4th 1001, 1007 (2d Cir. 2023), I decline to reject the motion for reconsideration merely because it is untimely.

Rather, Baker's motion fails on the merits because Baker has not pointed to any controlling decision or data that I overlooked in my order. As I noted in rejecting Baker's Petition, mandamus is a "drastic" remedy that should be awarded "only in extraordinary situations." *Escaler v. U.S. Citizenship & Immigr. Servs.*, 582 F.3d 288, 292 (2d Cir. 2009) (quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)). Furthermore, it is generally available only *after* a petitioner has exhausted other available remedies. *Heckler*, 466 U.S. at 616; *accord Escaler*, 582 F.3d at 292. Thus, even assuming Baker were correct that Postal Service employees owe her a nondiscretionary duty to desist from what she describes as bullying behavior, she would still not be entitled to mandamus because, for the reasons explained below, she has not exhausted her administrative remedies in the manner contemplated by the Federal Tort Claims Act. I therefore decline to revisit my order denying mandamus relief.

### IV. MOTION TO DISMISS

The Government seeks to dismiss the entire Complaint. The Government maintains that I lack subject-matter jurisdiction to decide Baker's claims arising under the Federal Tort

Claims Act because these claims were not properly presented to the Postal Service, which is a jurisdictional requirement before a federal court can consider a claim against the United States for damages. Defs.' Mem. 6-10. Second, the Government contends that the civil rights conspiracy allegations fail to state a claim. *Id.* at 11-12. Third, the Government maintains that the remaining causes of action should be construed as *Bivens* constitutional tort claims, and that Baker fails to state a *Bivens* claim because it would be improper to expand *Bivens* to imply a cause of action for the constitutional violations that Baker alleges. *Id.* at 12-22.

### A.     Legal Standard

A district court must grant a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) "when the court lacks the statutory or constitutional power to adjudicate it." *Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002) (citation and internal quotation marks omitted). "It is well-settled that the 'plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence.'" *Matthias v. United States*, 475 F. Supp. 3d 125, 133 (E.D.N.Y. 2020) (quoting *Aurecchione v. Schooman Transp. Sys., Inc.,* 426 F.3d 635, 638 (2d Cir. 2005). Although the court "must accept as true all material factual allegations in the complaint," a court should not "draw inferences from the complaint favorable to plaintiffs." *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004). "In resolving the question of jurisdiction, the district court can refer to evidence outside the pleadings." *Student Members of Same v. Rumsfeld*, 321 F. Supp. 2d 388, 392 (D. Conn. 2004) (quoting *Luckett*, 290 F.3d at 496–97).

To survive a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Kim v.*

*Kimm*, 884 F.3d 98, 103 (2d Cir. 2018); *Lapaglia v. Transamerica Cas. Ins. Co.*, 155 F. Supp. 3d 153, 155-56 (D. Conn. 2016). Although this "plausibility" requirement is "not akin to a probability requirement," it "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. The court must "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). However, the court is not bound to accept "conclusory allegations or legal conclusions masquerading as factual conclusions." *Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008).

Throughout, I am mindful of my obligation to give "special solicitude" to litigants who proceed without the assistance of an attorney. *Rosa v. Doe*, 86 F.4th 1001, 1007 (2d Cir. 2023). I must construe *pro se* pleadings liberally "to raise the strongest arguments that they suggest," *Triestman v. Federal Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006), and afford lenience in applying procedural rules, *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010). Nonetheless, I am still bound to strictly enforce rules that determine whether a court has jurisdiction—that is, the power to decide—a given type of case. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### B.    FTCA Claims

As the Court granted the Government's motion to substitute parties, ECF No. 36, Baker's four causes of action sounding in tort—negligent postal service, slander, harassment, and intentional infliction of emotional distress—are brought against the United States pursuant to the Federal Tort Claims Act (FTCA). The Government asserts that this Court lacks subject-matter jurisdiction over these tort claims because Baker failed to exhaust administrative

remedies as required by the FTCA. Defs.' Mem. 7-9.[4] Baker maintains that she did exhaust administrative remedies by presenting her administrative claim for damages to the Postal Service soon after she filed this action. Pl.'s Sec. Obj. 4-5.

Under the principle of sovereign immunity, "the United States may not be sued without its consent and . . . the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Congress partially waived the United States' sovereign immunity by enacting the FTCA. 28 U.S.C. § 2674 (providing that the "United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances"). Nonetheless, this "waiver is subject to a jurisdictional prerequisite." *Collins v. United States*, 996 F.3d 102, 109 (2d Cir. 2021). A plaintiff may not bring suit under the FTCA "unless the claimant shall have first presented the claim to the appropriate Federal agency and [her] claim shall have been finally denied by the agency in writing and sent by certified or registered mail"). 28 U.S.C. § 2675(a). "The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." *Id.*

Thus, a federal court lacks subject-matter jurisdiction to decide FTCA claims that were not properly presented to the agency at the time the suit was filed. *McNeil v. United States*, 508 U.S. 106, 113 (1993). There is no exception to this exhaustion requirement. *Celestine v.*

---

[4] The Government also asserts that the FTCA specifically preserves the United States' sovereign immunity from suit for slander. Defs.' Mem. 9-10. As I agree that all of Baker's FTCA claims must be dismissed, I need not address at this juncture whether the slander cause of action can survive a future suit.

11

*Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005) ("[The presentment] requirement is jurisdictional and cannot be waived."). When a plaintiff files a lawsuit before an administrative claim is properly exhausted, the federal suit must be dismissed without prejudice for lack of subject-matter jurisdiction—even if the administrative claim is rejected while the federal suit is pending. *Phillips v. U.S. Postal Serv.*, No. 23-819, 2024 WL 1613897, at *2 (2d Cir. Apr. 15, 2024) (summary order).

Baker has not carried her burden of establishing that I have subject-matter jurisdiction over her FTCA claims. The SF-95 attached to her Complaint is dated June 11, 2024, which is the same date that Baker filed this lawsuit. Compl. 11-12. Indeed, Baker's response suggests she actually submitted the SF-95 on June 22, 2024, more than a week after commencing this action. Pl.'s Sec. Obj. 15. Even if she filed the SF-95 on June 11, 2024, she has not proven—as she must—that the Postal Service had denied her claims before she filed this action.

I therefore conclude that Baker's claims under the FTCA must be dismissed without prejudice for lack of subject-matter jurisdiction. *See Faculty v. N.Y. Univ.*, 11 F.4th 68, 78 (2d Cir. 2021) (observing that dismissal for lack of subject-matter jurisdiction is without prejudice). This means that Baker is not barred from pursuing her FTCA claims in a future suit brought after she has properly exhausted the FTCA's administrative remedies.[5]

---

[5] In situations such as Baker's where a civil action is dismissed for failure to present the claim to the appropriate federal agency, "such a claim shall be deemed to be timely presented" if (1) "the claim would have been timely had it been filed on the date the underlying civil action was commenced;" and (2) "the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action." 28 U.S.C. § 2679(d)(5).

### C.     Bivens Claims

Baker's claims for damages—infringement of the "constitutional right" to "the services [of] the post office", Compl. ¶¶ 27-28; First Amendment violations, *id.* ¶ 30; refusing or neglecting to prevent a deprivation of constitutional rights, *id.* ¶ 32; criminal conspiracy, *id.* ¶ 33; and fraud in violation of the Constitution, *id.* ¶ 34—sound in constitutional tort. The United States and the Postal Service are both immune from suit for these allegations. *F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994) ("[T]he United States simply has not rendered itself liable . . . for constitutional tort claims."); *Contemp. Mission, Inc. v. U.S. Postal Serv.*, 648 F.2d 97, 104 n.9 (2d Cir. 1981) (affirming that the United States and the Postal Service are immune from suit for alleged constitutional violations by federal employees). Baker also seeks to recover against Williams and Urban pursuant to § 1983, but that statute does not expressly allow recovery of damages from federal officials in their personal capacities for constitutional violations. *Carlson v. Green*, 446 U.S. 14, 18 (1980). Thus, I construe Baker to bring her constitutional tort claims against Williams and Urban in their individual capacities pursuant to the implied private cause of action for constitutional violations recognized in *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). The Government maintains that Baker fails to state a claim for these constitutional torts because it would be inappropriate to expand the *Bivens* remedy to this context. Defs.' Mem. 14-22.

The Supreme Court has recognized a private cause of action for constitutional violations in only three contexts. In 1971, the Court recognized a damages remedy to compensate individuals injured by federal law enforcement officers who had violated the Fourth Amendment prohibition on unreasonable search and seizures. *Bivens*, 403 U.S. at 397. In *Davis v. Passman*, 442 U.S. 228, 248-49 (1979), the Court held that the Due Process Clause

13

of the Fifth Amendment permitted a plaintiff to recover damages for gender discrimination by a member of Congress. And in *Carlson v. Green*, 446 U.S. 14, 19 (1980), the Court expanded the doctrine to authorize an incarcerated individual to recover damages for inadequate medical treatment in violation of the Eighth Amendment. Since those three cases were decided, however, the Court has made clear that "expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Ziglar v. Abbasi*, 582 U.S. 120, 121 (2017) (quoting *Iqbal*, 556 U.S. at 675). This disfavor is rooted in the recognition that "creating a cause of action is a legislative endeavor" that requires balancing a series of administrative and policy concerns typically better left to Congress. *Egbert v. Boule*, 596 U.S. 482, 491 (2022).

The Supreme Court has instructed lower courts reviewing whether to expand *Bivens* to determine first if the case "presents a new *Bivens* context—*i.e.* is it meaningfully different from the three cases in which the Court has implied a damages action." *Egbert*, 596 U.S. at 492 (internal quotation marks omitted). "Second, if a claim arises in a new context, a *Bivens* remedy is unavailable if there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed." *Id.* (internal quotation marks omitted).

I construe Baker's arguments to assert that Urban and Williams deprived her postal services in retaliation for her political activism. *See* Pl.'s Sec. Obj. 9, 13.[6] And I agree with the

---

[6] The Government does not dispute that the First Amendment prohibits the Postal Service from retaliating on account of a customer's political activism or otherwise abridging freedom of speech. *See, e.g.*, *Hartman v. Moore*, 547 U.S. 250, 256 (2006) ("the First Amendment prohibits government officials from subjecting an individual to retaliatory actions . . . for speaking out"); *Lamont v. Postmaster Gen. of U.S.*, 381 U.S. 301, 306 (1965) (prohibiting postal authorities from infringing free expression by requiring recipients of communist propaganda to specifically request that those writings be delivered); *U.S. Postal Serv. v. Council of Greenburgh Civ. Ass'ns*, 453 U.S.

parties that Baker's constitutional claim differs meaningfully from the three constitutional torts recognized in the *Bivens* trilogy. *See* Defs.' Mem. 17-19; Pl.'s Sec. Obj. 12 (Baker acknowledging that her claim arises in a novel context). Indeed, Baker's claim arises precisely in an area of the law where the Supreme Court and Second Circuit have expressly *prohibited* lower courts from recognizing a *Bivens* remedy. In its most recent *Bivens* case, the Supreme Court declared "that there is no *Bivens* action for First Amendment retaliation." *Egbert*, 596 U.S. at 498-99. The Second Circuit has since applied this holding to summarily reject attempts to sue federal officers for damages for retaliation in violation of the First Amendment. *Ojo v. Decker*, No. 22-1641-PR, 2023 WL 6053006, at *1 (2d Cir. Sept. 18, 2023) (summary order) (citing *Egbert* for the proposition that *Bivens* cannot be expanded to the First Amendment retaliation context); *Selvam v. United States*, No. 21-2513-CV, 2022 WL 6589550, at *2 (2d Cir. Oct. 11, 2022) (same).

I therefore conclude that Baker fails to state a claim upon which relief can be granted because a *Bivens* remedy is not available in this context. Baker's constitutional tort claims are dismissed with prejudice. *See City of New York v. Chevron Corp.*, 993 F.3d 81, 103 (2d Cir. 2021) (affirming dismissal of complaint for lack of *Bivens* remedy with prejudice).

---

114, 126 (1981) ("However broad the postal power conferred by Art. I may be, it may not of course be exercised by Congress in a manner that abridges the freedom of speech or of the press protected by the First Amendment to the Constitution."). The Complaint can also be fairly read to assert that Urban and Williams infringed her "constitutional right" to effective postal services. Compl. ¶¶ 27-28. But Baker has not pointed to—nor has my research identified—support for the proposition that the Constitution, either through the First Amendment or the substantive due process clause, guarantees a right to the services she asserts she was denied here (i.e., money orders). I therefore focus instead on whether there is a *Bivens* remedy to First Amendment retaliation.

### D.   Conspiracy Claims Under 42 U.S.C. § 1985

Baker asserts that Urban and Williams are individually liable for conspiring to deny her postal services in violation of 42 U.S.C. §§ 1985(2)-(3). Compl. ¶ 31. Defendants say that Baker's assertions do not state a claim. Defs.' Mem. 11-12. I address Baker's allegations under § 1985(2) and §1985(3) separately.

A plaintiff may bring suit against federal officials in their individual capacities for violations of 42 U.S.C. § 1985(3). *Iqbal v. Hasty*, 490 F.3d 143, 176-77 (2d Cir. 2007), *rev'd on other grounds*, *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). A plaintiff states a claim of conspiracy in violation of § 1985(3)[7] by establishing four elements "(1) a conspiracy, (2) for the purpose of depriving any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws, (3) an act in furtherance of the conspiracy, and (4) whereby a person is injured in his person or property or deprived of a right or privilege of a citizen." *Turkmen v. Hasty*, 789 F.3d 218, 262 (2d Cir. 2015) (citations and internal quotation marks omitted), *rev'd on other grounds*, *Ziglar v. Abbasi*, 582 U.S. 120 (2017). "In addition, this claim requires that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Id.*

Baker has not pleaded facts that would plausibly suggest that any denial in postal services was motivated by discriminatory animus. Baker contends that "Williams and Urban knew exactly what they were doing when they denied services and slandered plaintiff in a

---

[7] 42 U.S.C. § 1985(3) provides as follows: "If two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; . . . if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, . . . the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators."

16

public forum." Compl. ¶ 31. And Baker suggests that class-based animus can be inferred because she is of a different race from Urban and Williams, and from the fact that Baker has been "beaten down and so maligned, she won't do anything." Pl.'s Sec. Obj. 9. But I am not required to credit these conclusory statements. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Nor is it sufficient to infer animus merely from the asserted fact that Baker, unlike Urban and Williams, is a white woman. Pl.'s Sec. Obj. 9.

Baker's invocation of § 1985(2) is similarly unavailing. I assume without deciding that Urban and Williams can be sued in their individual capacities under § 1985(2). Nonetheless, I find that Baker has not plausibly alleged a violation of § 1985(2). Section 1985(2) makes it unlawful for "two or more persons . . . to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein." 42 U.S.C. § 1985(2). "The essential allegations of a § 1985(2) claim of witness intimidation are (1) a conspiracy between two or more persons, (2) to deter a witness by force, intimidation or threat from attending court or testifying freely in any pending matter, which (3) results in injury to the plaintiff." *Chahal v. Paine Webber Inc.*, 725 F.2d 20, 23 (2d Cir. 1984). "The gist of the wrong at which § 1985(2) is directed is . . . intimidation or retaliation against witnesses in federal-court proceedings." *Haddle v. Garrison*, 525 U.S. 121, 125 (1998).

Even liberally construed, the Complaint does not plausibly state that Urban and Williams violated § 1985(2). Baker appears to assert that Urban and Williams interviewed witnesses who were in the Greenwich Post Office who witnessed their argument with her, that they prepared "witness statements" describing that interaction, and that they did not respond

17

to Baker's subsequent request to review these "witness statements." Compl. ¶¶ 16-17. That does not suffice. For one, § 1985(2) provides a remedy to plaintiffs who after filing a lawsuit are unable to secure critical testimony. *See Abadi v. Am. Airlines, Inc.*, No. 23-CV-4033 (LJL), 2024 WL 1346437, at *29 (S.D.N.Y. Mar. 29, 2024) (rejecting § 1985(2) claim premised on pre-suit conduct by defendant). Here, in contrast, Baker complains that Urban and Williams refused to provide witness statements in June of 2022, two years before she filed suit in federal court. Second, Baker has not suggested that Urban and Williams deterred a witness from providing their account of what they witnessed at the Greenwich Post Office. She complains that Defendants ignored her requests for witness statements. Compl. ¶¶ 16-17. But that is not the same as deterring "by force, intimidation, or threat." 42 U.S.C. § 1985(2).

I therefore find that Baker has failed to state a plausible claim under § 1985. Nonetheless, for the reasons stated below, I dismiss this claim without prejudice and with leave to amend.

### V.    LEAVE TO AMEND

Baker moved separately to amend the Complaint at the same time that she filed an opposition to the Government's Motion to Dismiss. Pl.'s Sec. Mot. to Am. Baker's Motion attaches a proposed amended complaint. Prop. Am. Compl., ECF No. 66. The Government opposes granting leave to amend. Defs.' Mem. re: Am.

Baker's motion to amend is governed by Fed. R. Civ. P. 15(a)(2) because the scheduling order governing this action did not set a date "after which no amendment will be permitted." *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 115 (2d Cir. 2021), *cert. denied*, 142 S. Ct. 1112 (2022). Rule 15 counsels that leave to amend should be granted "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Under this permissive standard, a court may deny leave

18

to amend only upon a showing of "futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 200 (2d Cir. 2007). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss." *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Similarly, leave to amend may be denied as futile where a plaintiff moves to amend to assert new claims that fail as a matter of law. *See, e.g.*, *Brach Fam. Found., Inc. v. AXA Equitable Life Ins. Co.*, No. 16-cv-740 (JMF), 2018 WL 1274238, at *2 (S.D.N.Y. Mar. 9, 2018). With respect to *pro se* litigants, the Second Circuit has further instructed that a "court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (citation and internal quotation marks omitted); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (holding that *pro se* complaint should only be dismissed without leave to amend if "the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim.") (citation and internal quotation marks omitted).

Liberally construed, Baker's proposed amendments do not remedy any of the significant substantive defects identified by the Government in its well-briefed opposition or in this Memorandum. The proposed amended complaint seeks to bring FTCA claims that I lack subject-matter jurisdiction to decide because Baker has not proven that they were properly and timely presented to the Postal Service. Nor do the amendments remedy the fact that the constitutional tort claims asserted against postal workers lack a *Bivens* remedy. Any further amendment would be futile with regard to these claims.

Nonetheless, I will permit Baker amend her civil rights conspiracy claim arising under § 1985. Although I cannot say that this Complaint, even liberally construed, contains any

indication that it might state a plausible § 1985 claim, I exercise my discretion to permit Baker a final opportunity to attempt to remedy the defects in her § 1985 claim described in this Memorandum.

## VI.   CONCLUSION

For the foregoing reasons, I grant the Government's Motion to Dismiss. Baker's claims arising under the FTCA are dismissed without prejudice for lack of subject-matter jurisdiction. Baker's *Bivens* claims are dismissed with prejudice for failure to state a claim.

Baker's claims arising under 42 U.S.C. § 1985 are dismissed without prejudice and with leave to amend. Baker may file an amended complaint on or before September 26, 2025. The amended complaint should relate only to Baker's § 1985 claim that Urban and Williams conspired to infringe her civil rights in violation of 42 U.S.C. § 1985. If Baker does not file an amended complaint by that date, the case will be closed.

**SO ORDERED.**

New Haven, Connecticut
August 27, 2025

/s/*Sarah F. Russell*
SARAH F. RUSSELL
United States District Judge